IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

WESTLAKE ROYAL STONE, LLC,
    Plaintiff,

v.

STONE CREEK PRODUCTS, LLC
d/b/a AFFINITY STONE,
    Defendant.

Case No. 2:25-cv-02278-JEH-RLH

**Order**

Now before the Court is Plaintiff Westlake Royal Stone, LLC's Combined Motion to Dismiss Counterclaims and to Strike Affirmative Defenses (D. 12), Defendant Stone Creek Products, LLC's Memorandum in Opposition to Plaintiff Westlake Royal Stone, LLC's Combined Motion to Dismiss Counterclaims and to Strike Affirmative Defenses (D. 18), and the Plaintiff's Reply (D. 21).[1]  For the reasons set forth *infra*, the Plaintiff's Combined Motion to Dismiss is DENIED.

**I**

On October 16, 2025, Plaintiff Westlake Royal Stone, LLC (Westlake) filed its Complaint (D. 1) for patent infringement under 35 U.S.C. § 271 against Defendant Stone Creek Products, LLC d/b/a Affinity Stone (Stone Creek).  In Plaintiff Westlake's Complaint, it alleges that it is a leading manufacturer of architectural stone and brick veneer products used in residential and commercial construction.  It alleges it offers wall panels that replicate the appearance and texture of authentic stone while providing the benefits of modern panelized

---

[1] Citations to the electronic docket are abbreviated as "D. ___ at ECF p. ___."

systems, including improved drainage, durability, and ease of installation.  Its Versetta Stone® wall panels feature a simplified tongue-and-groove installation and moisture management through an integrated rainscreen, that patented invention allegedly being the first to overcome the hurdles involved with using the traditional installation method of lath and mortar and with early mortarless solutions.  The patented inventions allegedly achieve an authentic stone look and provide the combination of a carpenter-friendly mechanical installation with integrated defenses against water intrusion.

The Plaintiff further alleges U.S. Patent No. 9,903,124 ('124 Patent), entitled "Prefabricated Wall Panel with Tongue and Groove Construction", was duly and legally issued on February 27, 2018 by the United States Patent and Trademark Office (USPTO).  U.S. Patent No. 10,557,273 (Patent '273), entitled "Prefabricated Wall Panel with Tongue and Groove Construction", was duly and legally issued on February 11, 2020 by the USPTO.  The '124 and '273 Patents relate generally to prefabricated wall panels featuring a tongue and groove interconnection system and mounting element with integrated weep holes, which together enable secure, mortarless installing and provide effective water drainage to prevent moisture accumulation behind the panels.  U.S. Patent No. 10,329,775 ('775 Patent), entitled "Method of Forming a Wall Panel", was duly issued on June 25, 2019 by the USPTO. The '775 Patent related generally to a method of manufacturing prefabricated wall panels that utilize a tongue and groove system for panel interconnection and incorporate a mounting element with weep holes, allowing for secure installation and effective drainage of water from behind the panels. Plaintiff Westlake is the owner by assignment of the Asserted Patents (the '124, '273, and '775 Patents) and holds all rights to sue for past, present, and future infringement of the Asserted Patents.

Defendant Stone Creek manufactures and sells mortarless stone veneer panels. It currently offers two versions of mortarless stone veneer panels, the Ridge Cut Series and the Cliff Ledge Series (collectively Accused Products). The Plaintiff alleges that like its Versetta Stone® panels, Stone Creek's Accused Products imitate the appearance and texture of real stone while incorporating air gaps to manage water drainage, and, like Plaintiff's panels, feature an interlocking tongue and groove system for simple installation. Per the Plaintiff, the Defendant specifically markets the Accused Products as featuring a simple tongue and groove installation and moisture management.

Counts One through Three of Plaintiff Westlake's Complaint allege Defendant Stone Creek's infringement of Patents '124, '273, and '775, respectively. The Plaintiff seeks a finding that the Defendant's infringement has been willful and seeks injunctive relief, compensatory damages, treble damages, pre- and post-judgment interest, a finding that this is an exceptional case under 35 U.S.C. § 285 and the award of reasonable attorneys' fees and expenses, and costs.

Defendant Stone Creek filed its Answer, Defenses and Affirmative Defenses, and its Counterclaims for Declaratory Judgment (D. 10) on December 22, 2025. The Defendant listed eight "Defense[s]": Non-infringement; Invalidity; Failure to State a Claim; No Exceptional Case; No Injunctive Relief; Limitations on Damages; Principles of Equity; and No Willfulness. Counterclaim Counts I through III seek a judgment from the Court "that [Stone Creek] have not infringed and do not infringe any valid, enforceable claims of the" Asserted Patents, "either literally or under the doctrine of equivalents, or contribute to or induce infringement by others." Def.'s Counterclaims (D. 10 at ECF pp. 31, 32, 33). Counterclaim Counts IV through VI allege each of the claims of the Asserted Patents

3

is invalid for failing to comply with one or more of the requirements for patentability under the Patent Laws of the United States as set forth in 35 U.S.C. § 101 et seq., including but not limited to 35 U.S.C. § § 101, 102, 116, 256, and/or 282, and/or under the judicially created doctrine of obviousness-type double patenting, and/or on the basis that they fail to comply with the enablement, written description, and definiteness requirements of 35 U.S.C. § 112, and/or that they are anticipated or rendered obvious pursuant to 35 U.S.C. § § 102-103.

*Id.* at ECF pp. 33, 34, 35.[2]

## II

Plaintiff Westlake filed the instant Combined Motion to Dismiss and Motion to Strike, arguing Defendant Stone Creek's non-infringement and invalidity counterclaims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) while its affirmative defenses must be stricken pursuant to Federal Rule of Civil Procedure 12(f).ll

## A

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon which relief can be granted[]". *See Walgreen Co. v. Peters*, No. 21-cv-02522, 2025 WL 755706, at * 1 (N.D. Ill. Mar. 10, 2025) (citing *Cozzi Iron & Metal, Inc. v. U.S. Off. Equip., Inc.*, 250 F.3d 570, 574 (7th Cir. 2001)) ("The Court applies the same standard to a Rule 12(b)(6) motion to dismiss a counterclaim as it does on a motion to dismiss a complaint for failure to state a claim."). Under Federal Rule of Civil Procedure 8(a)(2), a counterclaim must include "a short and plain statement of the [counter]claim showing that the pleader is entitled to relief[]". FED. R. CIV. P. 8(a)(2). A court may grant a Rule

---

[2] At the motion to dismiss stage, a court "accept[s] the well-pleaded facts in the complaint as true and draw[s] reasonable inferences in the plaintiff's favor." *Bronson v. Ann & Robert H. Lurie Child.'s Hosp. of Chi.*, 69 F.4th 437, 448 (7th Cir. 2023); *see also Kranos IP Corp. v. Riddell, Inc.*, 334 F. Supp. 3d 907, 912 (N.D. Ill. 2018) (explaining that the court assumes the truth of a counterclaim's factual allegations but not its legal conclusions).

12(b)(6) motion to dismiss only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint sufficient on its face need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action". *Id.* at 555. The Court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

1

Plaintiff Westlake argues Defendant Stone Creek's invalidity counterclaims Counts IV, V, and VI are conclusory, proceed to cite the entirety of statutes under United States Code Section 35 applicable to patents as wells as accompanying patent law doctrines, and otherwise do not sufficiently explain or identify the facts in support of those counterclaims.[3] Westlake cites a handful of district court cases from within the Seventh Circuit that dismissed patent invalidity counterclaims for merely citing statues rather than articulating a basic factual theory. *See Cleversafe, Inc. v. Aplidata, Inc.*, No. 11 C 4890, 2011 WL 6379300, at *1 (N.D. Ill. Dec. 20, 2011) (finding counterclaimant defendant did not state any facts supporting why the plaintiff's asserted patents were invalid, and the defendant relied on all of the United States patent laws, "including one or more of 35 U.S.C. §§ 101-103 and/or 112." (quoting defendant's counterclaims)); *Groupon Inc. v. MobGob LLC*, No. 10 C 7456, 2011 WL 2111986, at *1, 5 (N.D. Ill. May 25, 2011) (dismissing counterclaim defendant's patent invalidity counterclaim alleging the patent was "invalid for failing to comply with one or more provisions of Title 35 of the United States Code, including without limitation, 35 U.S.C. §§ 101-103, 112, and 116[]" because it was

---

[3] As Plaintiff Westlake begins with a challenge to Defendant Stone Creek's second set of counterclaims, so too does the Court.

based on a general, unsupported allegation and the defendant had not alleged a single fact in support of its claim (quoting defendant's counterclaim)); *and Tactical Med. Sols., Inc. v. Karl*, No. 14 C 06035, 2015 WL 13943105, at *1 (N.D. Ill. Sep. 21, 2015) (stating there was "no question that the [patent invalidity] counterclaims . . . in question are . . . 'bare bones' and do not satisfy the plausibility standards set forth by the Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).").

Defendant Stone Creek initially counters that in one of the very cases cited by Westlake – *Cleversafe, Inc.* – the district court acknowledged "[d]istrict courts across the country, including in the [Seventh Circuit], have reached opposite conclusions regarding whether to dismiss a factually bare [non-infringement or] invalidity counterclaim."  Def.'s Resp. (D. 18 at ECF p. 9) (quoting *Cleversafe, Inc.*, 2011 WL 6379300, at *2).  Stone Creek argues, contrary to Westlake's assertions, its invalidity counterclaims *do* allege how the patents are invalid for specific reasons under certain statutory provisions.  Per Stone Creek, Plaintiff Westlake advocates for a level of specificity for invalidity counterclaims that is not supported by the law it cites, and Westlake argues the invalidity counterclaims must provide, at the pleading stage, the self-same information that the negotiated schedule requires to be provided in discovery.[4]

The Court finds Defendant Stone Creek's patent invalidity counterclaims are sufficiently articulated in compliance with Rule 8(a)(2) and with *Bell Atlantic Corporation* and *Iqbal*.  As Stone Creek puts it, it has alleged both specific statutory provisions, not simply a generic swatch of them, as well as specific grounds for patentability that it contends are not met.  Indeed, it cites several provisions of United States Code Section 35 applicable to patents, and in the

---

[4] A discovery schedule was entered in this case on January 14, 2026.

conjunctive/disjunctive, and that is enough where Stone Creek need *not* provide detailed factual allegations at this stage.  It alleges that Plaintiff contends its '124, '273, and '775 Patents are valid and enforceable, and it counterclaims those Patents are not valid and enforceable for X, Y, Z reasons.  In *Pfizer Inc.*, the defendant's invalidity counterclaims alleged simply that the unasserted patents were "invalid for failure to comply with one or more of the conditions of patentability set forth in Title 35 of the United States Code."  726 F. Supp. 2d at 937.  In other words, that defendant's allegations were even more all-encompassing of Title 35 of the United States Code and more generalized than Stone Creek's here.  The *Pfizer Inc.* court explained, "While brief, those allegations are sufficient to put Pfizer on notice of what Apotex is claiming – invalidity of the Unasserted Patents – and the grounds upon which this claim rests – failure to satisfy one or more of the conditions of patentability."  *Id*. at 937-38.  The more robust allegations here, then, are certainly enough to put Westlake on notice of what Stone Creek is claiming and the grounds upon which its invalidity counterclaims rest.[5]  *See also E-Link Plastic & Metal v. Mossime*, No. 23 cv 16802, 2024 WL 5444302, at *1 (N.D. Ill. Dec. 2, 2024) (finding unsuccessful the plaintiff's argument that the defendant's patent invalidity counterclaim was insufficient where "the allegations allow Plaintiff to understand the gravamen of Defendant's allegations, which is that the prior art identified renders the patents invalid.").

Plaintiff Westlake insists in its Reply that upcoming initial disclosures do not change the Defendant's obligation to provide fair notice under Rule 8 and the

---

[5] While the *Pfizer Inc.* court reasoned that dismissal of the defendants' counterclaims for failure to satisfy Rule 8(a) would undermine the Northern District of Illinois' Local Patent Rules, that was just an *additional* reason in support of the court's denial of the plaintiff's motion to dismiss the defendant's counterclaims. 726 F. Supp. 2d at 937-38.  The court extrapolated on that reason after *first* finding the defendant's allegations were brief but still sufficient to put the plaintiff on notice of the defendants' counterclaims.  *Id*. at 938 ("*Moreover,* dismissal of Apotex's counterclaims for failure to satisfy Rule 8(a) would undermine the Local Patent Rules, which require more detailed disclosures at a later stage.") (emphasis added).

rules do not permit a party to assert undeveloped theories as placeholders to then obtain broad discovery on those theories and decide which, if any, are supported. The Court remains unpersuaded that Stone Creek's allegations are insufficient, and it is unconvinced that Westlake will be tasked with entertaining sweeping, unwarranted discovery requests. The Federal Rules of Civil Procedure pertaining to discovery ensure parties will hew to the actual contours of their claims and counterclaims. *See, e.g.*, FED. R. CIV. P. 26(b) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").

**2**

As for Defendant Stone Creek's patent non-infringement counterclaims Counts I, II, and III, Plaintiff Westlake argues Stone Creek fails to assert even a single factual allegation in support of the barebones legal conclusions that comprise those counterclaims, and the rest of its allegations are boilerplate, conclusory statements of law. Westlake says the allegations do not satisfy *Bell Atlantic Corporation* or *Iqbal*, and it cites cases from outside the Seventh Circuit wherein the courts determined the patent non-infringement counterclaims did not satisfy Rule 8. It further argues Stone Creek provides no factual allegations whatsoever from which to reasonably infer the basis of its non-infringement counterclaims.

Meanwhile, Defendant Stone Creek counters that even a barebones allegation of non-infringement puts the patentee on sufficient notice regarding

8

non-infringement counterclaims. *See Pfizer Inc. v. Apotex Inc.*, 726 F. Supp. 2d 921, 937 (N.D. Ill. 2010) (finding counterclaim defendant's patent non-infringement and invalidity counterclaims adhered to the Rule 8(a)(2) standard). It further argues its counterclaims incorporate each of the preceding paragraphs, including its Answer to Westlake's Complaint, and, thus, taking all facts in Stone Creek's favor and considering the totality of Stone Creek's pleadings, there is a "reasonable inference" that Stone Creek does not infringe specific claims of Westlake's Asserted Patents and why. Stone Creek summarizes its argument in this regard as follows: the Court should take Westlake's burden to prove infringement into consideration when evaluating the appropriate level of specificity for Stone Creek's counterclaims.

The Court finds Defendant Stone Creek's patent non-infringement counterclaims are sufficiently articulated in compliance with Rule 8(a)(2) and with *Bell Atlantic Corporation* and *Iqbal*. The "plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012) (quoting *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011)); *see also Iqbal*, 556 U.S. at 679. While the Court does not fully embrace Defendant Stone Creek's "incorporation by reference" argument (as Plaintiff Westlake calls it) for why its non-infringement counterclaims are adequately pled, it also does not turn a blind eye to the context in which those counterclaims were raised. Undeniably, Defendant Stone Creek, tasked with answering a Complaint for patent infringement in which the Asserted Patents were amply detailed and the allegedly Accused Products were as well, included counterclaims succinctly alleging Stone Creek's non-infringement. Common sense dictates that those counterclaims provide enough from which the Plaintiff can reasonably infer their bases.

Elsewhere in the Seventh Circuit, district courts have found such brief patent non-infringement counterclaims to satisfy Rule 8(a). In *Pfizer Inc.*, the counterclaim for a declaratory judgment of non-infringement alleged that "the product described in the [Abbreviated New Drug Application] ANDA will not infringe any valid and/or enforceable claim of the Unasserted Patents." 726 F. Supp. 2d at 937. The court pointed out the plaintiff had the burden of proof as to infringement of the unasserted patents, the defendant made an "offer of confidential access" to its ANDA, and once an appropriate protective order was in place, the plaintiff could review the ANDA in order to evaluate possible infringement of the unasserted patents. *Id.* The *Pfizer Inc.* court concluded the plaintiff was on notice as to the defendant's non-infringement counterclaims. *Id.* In *Nouis Technologies, Inc. v. Polaris Industries Inc.*, the defendant alleged it "does not infringed [sic] and has not infringed (directly, indirectly, by inducement, contributorily, willfully, or otherwise) any valid claim of the '056 Patent, either literally or under the doctrine of equivalents." No. 14-cv-233-jdp, 2015 WL 3407862, at *2 (W.D. Wis. May 27, 2015). The *Nouis Technologies* court explained it was "not entirely sympathetic to [the plaintiff's] criticism of the non-infringement counterclaim[]", noting, in patent litigation, "a counterclaim for a declaration of non-infringement is largely a placeholder in case the plaintiff were to try to dismiss the case[]" and continuing, "[b]ut the burden to prove infringement is on [sic] always on the patent holder . . .". *Id.* at *3. The court found the defendant's "bare-bones" non-infringement counterclaim passed muster under Rule 8. *Id.*

Plaintiff Westlake is not entitled to dismissal of the Defendant's counterclaims of patent non-infringement.

**B**

Federal Rule of Civil Procedure 12(f) provides that, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent,

10

or scandalous matter."   Motions to strike are generally disfavored because they potentially serve only to delay. *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (stating that motions to strike are not favored and "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense[]" and "are inferable from the pleadings[]") (collecting cases).   Moreover, courts do not generally grant motions to strike unless the defect in the pleading causes prejudice to the party bringing the motion. *Hofmann v. Sumner*, 478 F. Supp. 2d 1024, 1028 (N.D. Ill. 2007).

Plaintiff Westlake argues the Defendant's first, third, fourth, fifth, and eighth affirmative defenses are not proper affirmative defenses under Rule 8 but rather are legal conclusions, and striking these defenses is appropriate because they improperly expand the pleadings, create unnecessary confusion, and risk obscuring the issues for discovery and trial.   Westlake argues Stone Creek's second, sixth, and seventh defenses are pleaded as nothing more than legal labels untethered to any case-specific facts.   To start, Defendant Stone Creek emphasizes in its Response that is has never claimed that each of its defenses were affirmative defenses, but Westlake nevertheless moves to strikes its negative defenses of non-infringement, failure to state a claim, no exceptional case, no injunctive relief, limitations on damages, and no willfulness. *See* Def.'s Resp. (D. 18 at ECF p. 16) ("Logically speaking then, a 'negative defense' to a claim is akin to a denial of an allegation or otherwise alleges the absence of a necessary element of Plaintiff's *prima facie* case.").   Stone Creek argues those negative defenses are properly pled under Rule 8(b)(1)(A) rather than pursuant to the application of the plausibility standard set forth in *Bell Atlantic Corporation/Iqbal*.   It concedes that if the Court deems the statements of those defenses not necessary to maintain those legal theories and to obtain discovery on them, Stone Creek does not object to them

11

being removed from the pleadings.  Stone Creek argues only its second defense of invalidity and its seventh defense of principles of equity are "affirmative" defenses, and those are sufficiently pled.

The parties' extensive arguments regarding Defendant Stone Creek's defenses and affirmative defenses illustrate how motions to strike can serve to delay proceedings and are thus disfavored.  It is enough to say that Stone Creek has now underscored that not all of its listed defenses are affirmative defenses (in addition to pointing out that its Answer identifies its "Defenses and Affirmative Defenses"), that a "majority of courts have rightly held that Rule 8(c) does not warrant the extension of the *Twombly* and *Iqbal* standard to affirmative defenses[,]" and that Westlake does not convincingly argue Stone Creek's defenses, affirmative or otherwise, will cause it prejudice.  *Aylin & Ramtin, LLC v. Barnhardt*, No. 19-cv-3402, 2022 WL 658786, at *2 (N.D. Ill. Mar. 4, 2022); *see also* FED. R. CIV. P. 12(b) ("*Every* defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.") (emphasis added); *Kaidi v. Best Buy Stores, L.P.*, No. 23 CV 0109, 2023 WL 6534492, at *2 (N.D. Ill. Feb. 2, 2023) ("Surely the early warning of any defenses a claim will face can only serve a plaintiff's interests.").  As the *Aylin & Ramtin, LLC* court put it, "When it comes to answers, the expectation for speed is inconsistent with the expectation for specificity.  In the meantime, courts are not in the business of rejecting generic affirmative defenses, at least not at the pleading stage."  2022 WL 658786, at *3.  The Court's ongoing interest for purposes of judicial economy is to keep this case moving forward, rather than to stall it at the pleading stage.  "The fact that [Stone Creek's] affirmative defenses may be threadbare is . . . insufficient cause to strike them; their substance can be explored during discovery."  *Kaidi*, 2023 WL 6534492, at *1.

Plaintiff Westlake's request that the Court strike Defendant Stone Creek's defenses and affirmative defenses is denied.

### III

For the reasons set forth *supra*, Plaintiff Westlake Royal Stone, LLC's Combined Motion to Dismiss Counterclaims and to Strike Affirmative Defenses (D. 12) is DENIED. The Plaintiff must file its answer to the Defendant's Counterclaims in accordance with Federal Rule of Civil Procedure 12(a)(4)(A). Should a party file a motion for reconsideration which is subsequently denied by the Court, the party who filed the motion will be responsible for the attorney's fees of the opposing party related to their response to the motion for reconsideration. This matter is referred to the Magistrate Judge for further proceedings.

*It is so ordered.*

Entered on March 31, 2026

s/Jonathan E. Hawley
U.S. DISTRICT JUDGE